GEORGE BROOKS AND OTIS JOSLYN v. THE TOWNSHIP
OF ARENAC.

*Taxes—Assessment—Personal property—Logs in transit.*

1. An assessment made on property which is not believed to be, and is not in *fact*, assessable, cannot be valid.

   So *held*, where a supervisor assessed logs in his township to the owners, who resided in another county, although he had information which satisfied him (as was the fact) that the logs were *in transit*, and by statute assessable at their place of destination.

2. Inasmuch as the assessment of personal property creates a personal judgment against the owner, which may be satisfied out of his other property, such a proceeding must be founded on a clear right to render it.

3. The statute does not contemplate that the owner of saw-logs, who may be a non-resident of the State as well as of the county or township, must appear in all parts of the State where his logs may be in transit, at the day when their liability to assessment is supposed to accrue in each township.

4. While, under certain circumstances, a party may be called on for sworn information, yet this is only to inform the conscience of the taxing officers, who, if satisfied concerning the facts, have no need of further information, and when so satisfied they cannot properly make an assessment against the facts.

Error to Arenac. (Green, J.) Argued June 15, 1888. Decided July 11, 1888.

*Assumpsit* for taxes paid under protest. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Elliott G. Stevenson,* for appellants.

*Lawrence McHugh (Cahill & Ostrander,* of counsel), for defendant, contended:

1. At the dates fixed by the statute for assessments and review, plaintiffs' logs were lying on the bank, in the stream, or in the boom at the mouth of Rifle river, in Arenac township, which facts made them assessable there *prima facie*, which presumption must be removed by a contrary showing by the owners to the supervisor or board of review in due season, and their decision was final, to the extent, at least, that the same question cannot be retried in this action; citing Cooley, Tax. 212,550,552; *People v. Inspectors,* 4 Mich. 187; *People v. Regents,* Id. 98; *Att. Gen. v. Supervisors,* 42 Id. 72; *Williams v. Saginaw,* 51 Id. 120; *Woodman v. Aud. Gen.,* 52 Id. 28; *McDonald v. Escanaba,* 62 Id. 555; *Soller v. Township Board,* 67 Id. 422.

2. Errors of law on the part of such officer or board may be corrected on *certiorari,* when the courts may look into the case far enough to see whether there was *any* evidence to support their action, and if not, it might be held that to decide without evidence was error of law; citing *Berry v. Lowe,* 10 Mich. 9; *Hyde v. Nelson,* 11 Id. 357; *Brown v. Blanchard,* 39 Id. 790; *Bank v. Whittle,* 41 Id. 365; *Carver v. Plank-road Co.,* 61 Id. 584.

CAMPBELL, J.   Plaintiffs, in order to relieve their property from an actual levy and threatened sale, paid taxes under protest upon certain logs which during the previous year had been assessed to them in Arenac while in transit to Port Huron.

It appears from the testimony of the supervisor that he had information which satisfied him that these logs were in transit, as the undisputed testimony showed them to be, but that nevertheless he went on and made the assessment.

He did not attempt to notify the owners, whom he knew to reside and have their mill in Port Huron, until the day the board of review met, when he notified them by letter addressed to them at Port Huron.  They replied, informing him of the condition and destination of the property.  The board of review raised no question about the facts, of which they were satisfied, but nevertheless did not disturb the assessment.  No notice was given to produce testimony.

On the trial of the cause the court below held that in the absence of any showing on oath to the board of review the assessment must stand.

The general rule of taxation confines the taxation of personal property of residents of the State to their place of residence. To this there are some exceptions, including such fixed places of business or deposit as involve practically what may be called a business domicile. Property in transit is, by section 11 of the tax law of 1885, to be assessed at its place of destination. This section contains a proviso that forest products in transit shall be held to be destined to the sorting grounds of the booming company or driving agents nearest the mouth of the stream, unless the contrary is made to appear by the owner or party having the same in charge.

Inasmuch as the assessment of personal property creates a personal judgment against the owner, which may be satisfied out of his other property, such a proceeding must be founded on a clear right to render it. The law authorizes the taxing officers to obtain information in various ways. This section does not contemplate that the owner, who may be a non-resident of the State as well as of the county or township, must appear in person in all parts of the State where his logs may be in transit, at the day when their liability is supposed to accrue in each township. That would be manifestly impracticable. The assessing officer is given a full month to make out his roll, and it is made his affirmative duty to ascertain the assessable property. Section 12. The information he got in this case came from the agent. It convinced him, and he asked no further information till after his roll was finished. He then merely wrote to the owners in Port Huron, seeking information by letter, and got what he asked for, which satisfied his belief, as it did

that of the board.  The local agent was not informed that any further information was needed.

We think that while, under certain circumstances, a party may be called on for sworn information, yet this is only to inform the conscience of the officers.  If they are satisfied concerning the facts, they have no need of further information.  When satisfied, they cannot properly make an assessment against the facts.  The jurisdiction depends on the fact of the logs not being in transit to any place outside of the township, and if they are in transit they should not be assessed there.  An assessment made on property which is not believed to be, and is not in fact, assessable, cannot be valid.

The record presents some other questions, which it is hardly necessary to consider.  The judgment must be reversed, with costs, and a new trial granted.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred.  LONG, J., did not sit